```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                      DALLAS DIVISION

WILFORD R. NUNN,                §
                                §
            Plaintiff,          §
                                § Civil Action No. 3:08-CV-1486-D
VS.                             §
                                §
STATE FARM MUTUAL               §
AUTOMOBILE INSURANCE            §
COMPANY,                        §
                                §
            Defendant.          §
```

## MEMORANDUM OPINION AND ORDER

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") moves for reconsideration of two orders of the magistrate judge denying discovery. The court denies the motion and affirms the orders.

I

This is a lawsuit brought by plaintiff Wilford R. Nunn ("Nunn") against State Farm arising from its denial of Nunn's claim for fire damage to his Range Rover. By amended answer (which the court today grants State Farm leave to file), State Farm asserts affirmative defenses of fraud and attempted arson.

Attempting to demonstrate a financial motive for arson, State Farm moved to compel production of Nunn's 2006 and 2007 federal income tax returns and served on his daughter Kristina (who drove the Range Rover) a subpoena *duces tecum* requesting her 2006 and 2007 federal income tax returns as well. State Farm also requested that Nunn produce his and Kristina's home telephone and cell phone

records, seeking to secure evidence that would demonstrate that they had the opportunity to stage the loss of the vehicle.

After a hearing July 20, 2009, Judge Kaplan in his July 22, 2009 order required Nunn to produce his 2006 and 2007 tax returns, but he quashed the subpoena of Kristina's tax returns because she was not personally liable for the indebtedness on the Range Rover. Judge Kaplan permitted discovery of Nunn's and Kristina's telephone records, but only from June 10-16, 2007 and only for calls that Nunn, his wife, or Kristina testified were made or received between June 13-14, 2007 (the dates surrounding the alleged theft and damage to the Range Rover). Judge Kaplan ordered that all other calls be redacted.

Nunn produced his 2006 and 2007 tax returns, and he voluntarily provided an informal document that pertained to his retirement account. He has not been re-deposed regarding the information in these documents. In September 2009 State Farm requested that Judge Kaplan reconsider his July order, contending that Nunn's voluntary production of the document relating to his retirement account constituted new evidence. State Farm argued that it needed more information regarding Nunn's and Kristina's finances to allow the jury to obtain a complete picture of their financial condition and, concerning Nunn, not merely his retirement account assets but also any liabilities that offset the assets.

On December 9, 2009 Judge Kaplan denied in part the motion for

reconsideration because it pertained to the request for unredacted telephone records and Kristina's tax returns, and the new information concerned only Nunn's financial condition. Judge Kaplan also granted the motion in part, ordering Nunn to submit financial information *in camera*. The intent in ordering this submission was to determine whether Nunn's assets exceed his liabilities. After Nunn complied, Judge Kaplan on December 30, 2009 found that Nunn's assets exceeded his liabilities at the time of the incident involving the Range Rover. He declined to permit State Farm to conduct additional discovery concerning Nunn's financial condition.

State Farm now asks the court to reconsider Judge Kaplan's related orders of December 9, 2009 and December 30, 2009, contending they are clearly erroneous and contrary to law. In particular, State Farm requests that the court order Nunn to produce information regarding his complete financial condition,[1] or, alternatively, order him to authorize State Farm to secure his credit report and order that he be re-deposed regarding his

---

[1] State Farm is not specific about the documents it requests. Its original requests for production only mentioned Nunn's credit reports and Nunn's 2006 and 2007 federal income tax returns. In its motion for reconsideration, State Farm suggests the utility of evidence of Nunn's cash flow, such as IRS debts, taxes owed, unsecured loans, contracts for use, credit card bills, utility bills, cell phone bills, clothing expenses, food and entertainment expenses, and property/vehicle insurance.

financial condition.² In addition, as discussed below, State Farm appears to ask the court to order Kristina to produce her 2006-2007 tax returns and to order Nunn to produce unredacted telephone records.

II

> This court has frequently set out the standard for reviewing a decision of a magistrate judge in a nondispositive matter. The appeal is governed by Fed. R. Civ. P. 72(a), which provides that the court shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. The clearly erroneous standard applies to the factual components of the magistrate judge's decision. The district court may not disturb a factual finding of the magistrate judge unless, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed. If a magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, a district judge may not reverse it. The legal conclusions of the magistrate judge are reviewable *de novo,* and the district judge reverses if the magistrate judge erred in some respect in her legal conclusions. The abuse of discretion standard governs review of that vast area of choice that remains to the magistrate judge who has properly applied the law to fact findings that are not clearly erroneous.

*AssistMed, Inc. v. Conceptual Health Solutions, Inc.*, 2006 WL

---

²As Nunn points out in his response, State Farm's current request is more expansive than its original request (granted by Judge Kaplan) for Nunn's 2006 and 2007 federal income tax returns. In this respect, the court notes that State Farm's motion asks more for an expansion of discovery, already closed, than for reconsideration of the magistrate judge's orders.

1489422, at *2 (N.D. Tex. May 11, 2006) (Fitzwater, J.) (citations, brackets, ellipsis, and internal quotation marks omitted).

"When a party appeals a magistrate judge's order, he must demonstrate how the order is reversible under the applicable standard of review—*de novo* for error of law, clear error for fact findings, or abuse of discretion for discretionary matters." *Jefferson-Pilot Life Ins. Co. v. Bellows*, 2003 WL 21501904, at *1 (N.D. Tex. June 24, 2003) (Fitzwater, J.). "This means that, *at a minimum*, the party must identify the ruling being challenged, specify the standard of review, and explain why the decision in question is reversible under that standard." *Librado v. M.S. Carriers, Inc.*, 2004 WL 583602, at *4 (N.D. Tex. Mar. 23, 2004) (Fitzwater, J.) (emphasis added).

Although this court's precedents clearly require that State Farm state the correct and applicable standard of review and the fact or law being challenged, it has failed in its motion to do either. State Farm incorrectly states the standard of review, contending that only the "clearly erroneous or contrary to law" standard applies. But it is settled that "[t]he district court has broad discretion in discovery matters and its rulings will be reversed only on an abuse of that discretion." *Scott v. Monsanto Co.*, 868 F.2d 786, 793 (5th Cir. 1989) (citing *Eastway Gen. Hosp. v. Eastway Women's Clinic, Inc.*, 737 F.2d 503, 505 (5th Cir. 1984)). State Farm does not cite the "abuse of discretion"

standard much less address Judge Kaplan's discovery decisions under that standard.

Moreover, State Farm has made no attempt to explain why Judge Kaplan's orders are reversible under the pertinent standard of review. Although State Farm may believe Judge Kaplan denied relevant and material discovery, it has not demonstrated that his orders were clearly erroneous in their factual findings, incorrect in their legal conclusions, or in any way an abuse of discretion.

III

A

As Judge Kaplan required, Nunn produced his 2006 and 2007 tax returns. Judge Kaplan therefore allowed some opportunity for State Farm to demonstrate motive through discovery of Nunn's financial condition at the time of the incident. Although other courts have allowed insurance companies to dig deeper into an insured's financial condition, *see, e.g.*, *McPhail v. State Farm Fire & Casualty Co.*, 992 F.2d 325, 1993 WL 152061, at *4 (5th Cir. Apr. 30, 1993) (unpublished opinion), State Farm has not cited any cases, nor has the court located any, that *require* further discovery into an insured's financial condition, and certainly none that hold it is an abuse of discretion to tailor the discovery as did Judge Kaplan. State Farm cites several arson cases in which insurance companies introduced evidence of financial difficulty to suggest a motive for arson. *See, e.g.*, *Evry v. United Servs. Auto.*

*Ass'n Cas. Ins. Co.*, 979 S.W.2d 818, 822 (Tex. App. 1998, pet. denied) (finding evidence of $44,634 credit card balance, back taxes owed, and $600,000 fraud judgment sufficient to support jury's finding of arson). But, again, none of these cases mandates that a court permit consideration (or discovery) of any particular type of financial evidence in assessing an insured's motives to commit arson.

State Farm also complains that the financial questionnaire that Nunn submitted for Judge Kaplan's *in camera* review does not provide an accurate reflection of Nunn's monthly expenses, of his cash flow, or of his liabilities for assets not disclosed in the questionnaire. But State Farm has not demonstrated that Judge Kaplan's finding that Nunn's assets exceed his liabilities is clearly erroneous, that the approach he adopted in making this determination is legally erroneous, or that he abused his discretion in any respect. Although State Farm maintains that the information it requests is "meaningful, relevant, material and substantive," D. Br. 6, it does not specify any legal or factual basis for the court to conclude that Judge Kaplan erred in any respect.

Because State Farm has failed to point to a specific factual or legal error, it must demonstrate that Judge Kaplan abused his discretion. *See Gomez v. St. Jude Med. Daig Div. Inc.*, 442 F.3d 919, 927 (5th Cir. 2006) ("Discovery and evidentiary rulings are

reviewed under a deferential abuse of discretion standard."); *Scott*, 868 F.2d at 792 ("Even when based on a conclusory statement of cause, discovery orders by the trial court are rarely reversed for an abuse of discretion."). Judge Kaplan allowed State Farm to obtain discovery about Nunn's financial status. He permitted State Farm to have access to two years' of Nunn's tax returns and discover the fact that, according to the financial questionnaire, Nunn's assets exceeded his liabilities. Judge Kaplan appears to have restricted the scope of the discovery into Nunn's financial condition to avoid an overbroad inquiry into sensitive and personal financial information. State Farm now requests documents that exceed the scope of its initial requests for production, which asked only for Nunn's tax returns and credit report. Judge Kaplan did not abuse his discretion in declining to expand the permissible range of discovery beyond what he allowed. His discretion regarding discovery is considerable, and the court can discern no basis to conclude that he abused that discretion in any respect.

B

State Farm's lack of specificity is even more apparent when considering Judge Kaplan's discovery orders concerning Kristina. Although State Farm mentions once in its brief that it requests that the court order "Nunn *and his daughter*" to produce more financial information, it makes no other reference to Kristina. D. Br. 4 (emphasis added). In its reply brief, it requests that the

- 8 -

court order Nunn to produce information, but it does not make any request in relation to Kristina. Judge Kaplan initially refused to permit discovery of Kristina's tax returns because, although she drove the Range Rover, her father was liable for it contractually. Judge Kaplan refused to reconsider State Farm's request for Kristina's tax returns because the new evidence on which State Farm based its request for reconsideration (Nunn's retirement accounts) had no relation *to Kristina's* financial condition. Because State Farm does not even attempt to point to any error regarding Kristina's tax returns or other financial information, the court holds that Judge Kaplan did not abuse his discretion in his rulings that pertained to discovery from Kristina.

C

Similarly, State Farm does not even mention reconsideration of Judge Kaplan's orders regarding telephone records until *the last line of its reply brief*. The entirety of State Farm's argument regarding the cell phone records is as follows: "State Farm . . . respectfully prays that the Court . . . order Nunn to provide the complete unredacted phone records for the week of June 10th through June 16th of 2007." D. Reply 8. State Farm offers no argument regarding how Judge Kaplan clearly erred factually or erred as a matter of law. Judge Kaplan allowed discovery of the telephone records with the caveat that any telephone calls not mentioned in the deposition testimony of Nunn, his wife, or Kristina could be

redacted.  At the July 20, 2009 hearing, State Farm's attorney stated that State Farm "would like the phone records to see how [Nunn, his wife, and Kristina's] testimony stacks up with the records."  July 20, 2009 Tr. 4.  Judge Kaplan limited discovery to that purpose, concluding that information about any other telephone calls from that period would merely be a "fishing expedition." *Id.* at 5.  He did not abuse his discretion or commit factual or legal error in denying reconsideration of this ruling in December 2009 because he had ample basis to conclude that State Farm's new evidence did not affect his original ruling.  The court holds that Judge Kaplan did not abuse his discretion in limiting discovery of the telephone records.

D

State Farm's motion illustrates the importance of adhering to this court's repeated insistence that an appeal from a magistrate judge's order in a nondispositive matter must, at a minimum, identify the ruling being challenged, specify the standard of review, and explain why the ruling is reversible under that standard.  Except as to issues of law that are reviewed *de novo*, district judges do not sit as second-tier decisionmakers concerning discovery matters referred to the magistrate judge.  And in matters of discretion—and discovery decisions are usually quintessential examples of the exercise of discretion—district judges do not substitute their own judgment for that of the magistrate judge.

- 10 -

Parties who seek review of such discovery rulings must therefore recognize and satisfy their obligation to demonstrate reversible error in the magistrate judge's decision, not simply the preferability of an alternative approach with which the district judge might agree if deciding the matter in the first instance. Because State Farm has not met this burden, the court concludes that State Farm's motion for reconsideration must be denied and the magistrate judge's orders affirmed.

* * *

Accordingly, for the reasons explained, State Farm's January 14, 2010 amended motion to reconsider magistrate judge's pretrial orders denying discovery orders is denied, and the magistrate judge's orders are

AFFIRMED.

May 24, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE