IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILFORD R. NUNN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:08-CV-1486-D |
| VS. | § | |
| | § | |
| STATE FARM MUTUAL | § | |
| AUTOMOBILE INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed action, defendant State Farm Mutual Automobile Insurance Company ("State Farm") moves for leave to amend its answer to assert three new affirmative defenses.  For the reasons that follow, the court grants the motion.

I

To decide this motion, the court need only briefly summarize the background facts and procedural history of the case.  Plaintiff Wilford R. Nunn ("Nunn") sues State Farm arising from its denial of his claim for fire damage to his Range Rover.  Suspecting that Nunn and/or his daughter Kristina, the driver of the vehicle, may have fraudulently staged the theft and fire, State Farm conducted an investigation lasting 1½ years and then denied Nunn's claim on January 16, 2009.  Nunn sues State Farm for breach of contract, breach of the duty of good faith and fair dealing, and various violations of the Texas Insurance Code.

In State Farm's answer, filed in state court before the case

was removed, it asserted four defenses: any damages should be offset by amounts that State Farm had already paid Nunn; State Farm did not cause Nunn's damages; Nunn's damages were caused by third parties; and Nunn was not entitled to coverage under his insurance policy.  The court filed a scheduling order setting February 1, 2009 as the deadline for a party to move for leave to amend the party's pleadings.  Discovery closed, after several extensions, on October 1, 2009.  The trial, originally set for February 1, 2010, has been twice continued, first to June 7, 2010, and again to August 2, 2010.  On February 26, 2010 State Farm filed the instant motion for leave to file its first amended answer.  State Farm seeks to add three new affirmative defenses: failure to mitigate; fraud, misrepresentation, and attempted arson; and failure to satisfy all conditions precedent.

II

When, as here, the deadline to seek leave to amend pleadings has expired, the court considering a motion for leave to amend must first determine whether to modify the scheduling order under the Fed. R. Civ. P. 16(b)(4) good cause standard.  *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003); *Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998) (Fitzwater, J.).  To meet the good cause standard, the party must show that, despite its diligence, it could not reasonably have met the scheduling order

deadline.   *See S&W Enters.*, 315 F.3d at 535.   If the movant

satisfies the requirements of Rule 16(b)(4), the court must next

determine whether to grant leave to amend under the more liberal

standard of Rule 15(a)(2), which provides that "[t]he court should

freely give leave when justice so requires."   Rule 15(a)(2); *see*

*S&W Enters.*, 315 F.3d at 536; *Am. Tourmaline Fields*, 1998 WL

874825, at *1.

III

The court assesses four factors when deciding whether to

modify the scheduling order to allow amendment: "(1) the

explanation for the failure to timely move for leave to amend; (2)

the importance of the amendment; (3) potential prejudice in

allowing the amendment; and (4) the availability of a continuance

to cure such prejudice."   *S&W Enters.*, 315 F.3d at 536 (internal

quotation marks and brackets omitted).   Applying these factors, the

court evaluates whether there is good cause to modify the

scheduling order.

A

Under the first factor, State Farm explains its delay in

moving to amend by pointing to three pieces of evidence discovered

after February 1, 2009 that State Farm argues necessitate the

proposed amendments.   First, State Farm contends it discovered only

after the amendment deadline that one of Nunn's experts damaged the

steering column of the Range Rover when he conducted his

- 3 -

investigation of the vehicle.   Second, State Farm points to its discovery during depositions that another of Nunn's experts does not agree with Nunn's conclusion that the damage to the vehicle caused a "total loss."   Third, State Farm points to information in its written deposition of the tollway authority, taken after the amendment deadline, which definitively stated that the Range Rover was driven, not towed, through a toll booth after it was allegedly stolen from Nunn's driveway.

None of this new evidence explains the timing of State Farm's request to amend.   The damage to the steering column does not necessitate the failure to mitigate defense (the only relevant defense) because Nunn is not asserting a claim for damage to the steering column specifically.   Nunn is only bringing a claim for the loss caused by the alleged theft and burning of the vehicle, which Nunn maintains is a total loss.   In addition, State Farm's experts had inspected the vehicle before the steering column was damaged.   Nunn's expert's damage calculations do not directly relate to any of the proposed defenses.  Finally, the deposition of the tollway authority does not justify the addition of the affirmative defenses after the deadline because State Farm made a note in Nunn's claim file on February 5, 2008 (before the suit was filed) that "[b]ased on the photos from the tollway authority, it appears the [vehicle] was driven through the toll booth."  P. App. 7.  Thus this piece of information was not "new" evidence.

Further, Nunn points out that, even if the new evidence necessitated the proposed amendments, all of the evidence was discovered prior to September 5, 2009. Therefore, State Farm was aware of all of it for more than five months before it moved for leave to amend.

State Farm highlights that it only denied Nunn's claim on January 16, 2009, six months after the case was filed and only two weeks before the deadline to file motions for leave to amend pleadings. But this explanation for the tardy nature of State Farm's motion to amend is unsatisfactory. State Farm did not move to amend its answer until February 26, 2010, over one year after it denied Nunn's claim on the same grounds as it now seeks to add as affirmative defenses: that the loss was not accidental and that Nunn failed to cooperate.

The central themes of State Farm's proposed amendments are that Nunn did not properly cooperate with State Farm in the investigation of his claim, as required under his policy, and that Nunn participated in damaging his vehicle. None of the explanations offered indicates that State Farm only recently discovered the affirmative defenses that it now seeks leave to plead.

Thus the first factor favors denying the motion.

B

Although State Farm does not clearly articulate the importance of the proposed amendments, it is evident that the amendments are indeed important.  State Farm has consistently justified the denial of Nunn's claim by asserting that Nunn participated in the loss of his vehicle.  State Farm's answer, asserting the defense of "no coverage," does not specify the grounds for asserting no coverage, but it has been clearly understood by the parties to refer to State Farm's suspicion that Nunn committed fraud and attempted arson and to its contention that Nunn has not properly cooperated in the investigation, which the insurance policy requires.  State Farm's failure to mitigate and conditions precedent defenses also elaborate on State Farm's original assertion of no coverage.  These defenses are not new, but are merely elaborations on State Farm's answer.  The proposed defenses——particularly the defense of fraud, misrepresentation, and attempted arson——are at the crux of the disagreement between the parties and are crucial issues in this case.  The addition of the defenses accurately reflects the factual issues already at the heart of the litigation.  In fact, Nunn even relies on State Farm's failure to plead these affirmative defenses to support relief by motion *in limine* to exclude all mention of arson or motive, thereby undermining State Farm's case.

Because the factual issues related to the proposed defenses are crucial to State Farm's defense, this factor favors State Farm.

C

Under the third factor, the court considers potential prejudice to Nunn in allowing the amendment. Nunn asserts that the proposed amendments would be prejudicial because he has already prepared for trial, filing all of his pretrial materials before the original trial date in February 2010. In addition, Nunn asserts that State Farm's proposed amendment deprives him of the opportunity to narrow the issues at trial by including the proposed defenses in his pending motion for summary judgment.

The proposed amendments are not prejudicial to Nunn because the issues raised by the proposed defenses have always been at the crux of the dispute between the parties. The new defenses do not require additional discovery because Nunn's possible involvement in the loss has been a matter of investigation since just weeks following the fire. State Farm's January 2009 denial of the claim included all of the issues central to the proposed defenses, putting Nunn on notice of State Farm's position. State Farm's answer included the defense of no coverage, implicitly referencing the explanations for State Farm's refusal of coverage (Nunn's potential involvement and lack of cooperation). Thus Nunn has been aware since the virtual inception of his dispute with State Farm that these issues (and therefore the proposed affirmative defenses) would be central to any litigation between them.

Additionally, the new amendments should not cause any delays.

Because the trial has already been continued to August 2010, Nunn has ample time to prepare for trial taking into consideration the new affirmative defenses.  Although Nunn has already made pretrial filings, he will likely need to revisit these after the court issues its decisions in several other pending motions, making it unlikely that he will experience additional delay due only to the addition of these affirmative defenses.

Thus the court finds that the proposed amendments will not prejudice Nunn.

D

The final factor concerns the availability of a continuance to cure any prejudice.  Because the court has already continued the trial until August 2010, this factor weighs in favor of granting State Farm's motion.

E

The court considers the four factors holistically.  "It does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.).  Assessing the factors as a whole, the court holds that State Farm has met the good cause standard for modifying the scheduling order.  Although State Farm has not provided a satisfactory explanation for its failure to seek timely leave to amend, the potential importance of the amendment, the lack of prejudice to Nunn, and the availability of a continuance (i.e.,

the one already granted) support granting this relief.

                                 IV

     The court next evaluates under the Rule 15(a) standard whether

leave to amend should be granted.  *S & W Enters.*, 315 F.3d at 536.

"The court should freely give leave when justice so requires."

Rule 15(a)(2).  The court can discern no compelling reason under

this lenient standard to deny State Farm leave to amend.  The court

therefore grants State Farm's motion.

                         *      *      *

     Accordingly, the court grants State Farm's February 26, 2010

motion for leave to file amended answer.  State Farm must file the

amended answer——electronically or on paper——within five business

days of the date this memorandum opinion and order is filed.

     **SO ORDERED.**

     May 24, 2010.


                              _____
                              SIDNEY A. FITZWATER
                              CHIEF JUDGE