IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

WILFORD R. NUNN,                §
                                §
          Plaintiff,            §
                                § Civil Action No. 3:08-CV-1486-D
VS.                             §
                                §
STATE FARM MUTUAL AUTOMOBILE    §
INSURANCE COMPANY,              §
                                §
          Defendant.            §

MEMORANDUM OPINION
AND ORDER

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") moves the court to compel nonparty Kristina Nunn Paez ("Kristina") to attend her deposition. Although plaintiff Wilford R. Nunn ("Nunn") does not oppose the motion, the court concludes that it requests improper relief and therefore denies the motion without prejudice.[*]

Fed. R. Civ. P. 45, rather than an order compelling a nonparty to attend a deposition, prescribes the procedure to be followed. Rule 45(a)(2)(B) provides that a subpoena to appear for a deposition must issue "from the court for the district where the deposition is to be taken." Rule 45(c)(3)(A)(ii) further provides

---

[*]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

that, on timely motion, the issuing court must quash or modify a subpoena that "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person."

Nunn maintains that Kristina resides in California. Assuming that Kristina in fact resides, is employed, or regularly transacts business in person in California, the court for the appropriate California district must issue the subpoena. The remedy for her failure to appear after proper personal service would be for that court to hold her in contempt under Rule 45(e) ("The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena.").

A subpoena can also issue from this court if Kristina resides at the Rowlett, Texas address shown on her driver license, or if Kristina is employed or regularly transacts business in person within 100 miles of the location in this district where her deposition will be taken. *See* Rule 45(c)(3)(A)(ii).

State Farm posits that its attempts to serve Kristina in Texas have been unsuccessful. "The longstanding interpretation of Rule 45 has been that personal service of subpoenas is required." 9A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2454, at 397 (3d ed. 2008). *See, e.g., In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003) ("[P]roper service requires . . .

personal delivery of the subpoena[.]"). The court cannot exercise its contempt power under Rule 45(e) absent proper personal service of a subpoena on Kristina. If State Farm properly serves Kristina in this district and she fails to appear, the court can hold her in contempt under Rule 45(e), provided the subpoena complies with the requirements of Rule 45(c)(3)(A)(ii). *See* Rule 45(e) ("A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).").

\* \* \*

State Farm's October 6, 2010 unopposed motion to compel the attendance of Kristina Paez for deposition is denied without prejudice.

**SO ORDERED.**

October 21, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE