IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILFORD R. NUNN, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:08-CV-1486-D |
| VS. § | |
| § | |
| STATE FARM MUTUAL AUTOMOBILE § | |
| INSURANCE COMPANY, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In a prior memorandum opinion and order in this case, the court granted partial summary judgment in favor of defendant State Farm Mutual Auto Insurance Company ("State Farm") and raised *sua sponte* that State Farm is entitled to partial summary judgment dismissing plaintiff Wilford R. Nunn's ("Nunn's") claims for breach of Tex. Ins. Code Ann. §§ 541.051 and 541.061 (Vernon 2008) because he cannot prove that the alleged misrepresentation on which he relies caused him any damages. *See Nunn v. State Farm Mut. Auto Ins. Co.*, ___ F.Supp.2d ___, 2010 WL 2573213, at *1, *7 (N.D. Tex. June 23, 2010) (Fitzwater, C.J.). Having considered the supplemental briefing permitted by the court's memorandum opinion and order, the court grants partial summary judgment dismissing these claims.

I

The pertinent background facts and procedural history are set out in *Nunn*. *See id.* at *1-2. Nunn alleges that State Farm breached §§ 541.051 and 541.061 by misrepresenting that no payment could be made under Nunn's insurance policy with State Farm (the "Policy") until his daughter Kristina ("Kristina") gave an Examination Under Oath ("EUO"). Nunn avers that State Farm's adjuster and investigator insisted that Kristina was obligated to submit to an EUO as a person seeking coverage under the Policy, but that this was not required because she is not a named insured on the Policy and is not seeking payment under the Policy. In response to the court's decision in *Nunn*, Nunn maintains that, because of this misrepresentation and because he knew Kristina would not give an EUO, he incurred damages by (1) purchasing a new vehicle for Kristina, (2) storing the damaged Range Rover, (3) hiring an expert for purposes of this litigation, and (4) suffering mental anguish relating to the lawsuit.

State Farm responds that the alleged misrepresentation concerning the Policy did not cause Nunn's alleged damages; that Nunn has not presented evidence showing that these damages would not have been occurred but for the misrepresentation that State Farm would not pay on the Policy before Kristina submitted to an EUO; and that, although these damages may have resulted from State Farm's refusal to pay Policy proceeds, the damages are not the

result of a misrepresentation that the Policy required Kristina to undergo an EUO, because State Farm had other reasons for delaying payment under the Policy.

II

When a summary judgment movant will not have the burden of proof on a claim at trial, it can obtain summary judgment by pointing the court to the absence of evidence on any essential element of the nonmovant's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once it does so, the nonmovant must go beyond his pleadings and designate specific facts demonstrating that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant's failure to produce proof as to any essential element renders all other facts immaterial. *Trugreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory where the nonmoving party fails to meet this burden. *Little*, 37 F.3d at 1076.

III

To recover under §§ 541.051 and 541.061 for the alleged misrepresentation, Nunn must prove that it was a producing cause of damages. *See, e.g., Carper v. State Farm Lloyds*, 2002 WL 31086074,

at *8 (N.D. Tex. Sept. 13, 2002) (Lynn, J.); *see also Wellisch v. United Servs. Auto. Ass'n*, 75 S.W.3d 53, 59 (Tex. App. 2002, pet. denied). "Producing cause requires that the acts be both a cause-in-fact and a 'substantial factor' in causing the injuries." *Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 871 (N.D. Tex. 2008) (Fitzwater, C.J.). "[T]he essential components of producing cause [are] that (1) the cause must be a substantial cause of the event in issue and (2) it must be a but-for cause, namely one without which the event would not have occurred." (quoting *Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 46 (Tex. 2007)). To avoid summary judgment based on an inability to prove damages caused by State Farm's alleged misrepresentations, Nunn must raise "a fact issue of an 'unbroken causal connection' between the misrepresentation . . . and [his] injuries." *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 481 (Tex. 1995).

Assuming *arguendo* that State Farm's adjuster and investigator misrepresented that the Policy required Kristina to submit to an EUO, a reasonable jury could not find that this misrepresentation was both a cause-in-fact and a substantial factor in causing Nunn's damages. In *Nunn* the court held that State Farm's delay in paying Nunn under the Policy was reasonable due to Nunn's own refusal to submit to an EUO for 16 months after State Farm requested it.

> Moreover, Nunn, the named insured, likewise did not submit to an EUO for 16 months, even though he admits that State Farm requested his recorded statement 19 days after the claim was reported. A jury could only reasonably find that State Farm's delay in determining coverage was reasonable on this basis as well.

*Nunn*, 2010 WL 2573213, at *6. Therefore, a reasonable jury could only find that the damages that Nunn alleges—the costs of purchasing a new vehicle for Kristina, storing the damaged Range Rover, and hiring an expert for this case, and mental anguish relating to the lawsuit—were caused in fact and substantially by Nunn's own conduct. A reasonable jury could only find that State Farm declined to pay a claim that it suspected was the result of arson until the named insured gave an EUO, and that Nunn did not submit to one for 16 months. The court therefore grants State Farm partial summary judgment dismissing Nunn's misrepresentation claims under §§ 541.051 and 541.061.

\* \* \*

For the foregoing reasons, the court grants State Farm partial summary judgment dismissing Nunn's claims under Tex. Ins. Code Ann. §§ 540.051 and 540.061.

**SO ORDERED.**

November 3, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE