IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

WILFORD R. NUNN,                    §
                                    §
           Plaintiff,               §
                                    § Civil Action No. 3:08-CV-1486-D
VS.                                 §
                                    §
STATE FARM MUTUAL AUTOMOBILE        §
INSURANCE COMPANY,                  §
                                    §
           Defendant.               §

MEMORANDUM OPINION
AND ORDER

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") moves for leave to amend its answer to assert a new counterclaim. Concluding that State Farm has failed to demonstrate good cause to amend the scheduling order, the court denies the motion.

I

Because the case is the subject of several prior opinions, *see, e.g., Nunn v. State Farm Mut. Auto Ins. Co.*, ___ F.Supp.2d ___, 2010 WL 2573213, at *1 (N.D. Tex. 2010) (Fitzwater, C.J.), the court will focus on the background facts and procedural history pertinent to this motion. Nunn sued State Farm after it denied his claim for fire damage to his Range Rover. According to Nunn, the Range Rover was stolen from his residence. When it was located, it had been damaged by fire. After an investigation, State Farm denied Nunn's claim. Nunn brought suit for breach of contract and extracontractual claims arising from State Farm's handling and

denial of the claim.  State Farm asserted various affirmative defenses, including fraud, misrepresentation, and attempted arson. The court granted summary judgment dismissing Nunn's claims for breach of the common law duty of good faith and fair dealing and for misrepresentation concerning the terms of the insurance policy. *See id.* at 6; *Nunn v. State Farm Mut. Auto Ins. Co.*, No. 3:08-CV-1486-D, slip op. at 5 (N.D. Tex. Nov. 3, 2010) (Fitzwater, C.J.). The court declined to grant summary judgment dismissing Nunn's claims for delay under Tex. Ins. Code Ann. §§ 542.055 and 542.056(b) (Vernon 2009).  *See Nunn*, 2010 WL 2573213, at *7, *9.

On December 16, 2010 the court granted State Farm leave to file an amended witness list, which included as a possible witness Raymond Edward Lumsden ("Lumsden").  According to State Farm, Lumsden was involved in a romantic relationship with Nunn's daughter Kristina Nunn Paez ("Kristina") and was closely connected to the Nunn family at the time of the alleged theft.  Although Nunn was the named insured under the insurance policy, Kristina was listed as the principal driver of the Range Rover.  Kristina paid the down payment and most of the monthly payments on the Range Rover, and Nunn paid the balance.  Lumsden avers that in the early morning hours of June 14, 2007—the date the Range Rover disappeared—he observed Kristina drive and attempt to set fire to the Range Rover.

State Farm moves to amend its answer to include a counterclaim

that asserts that Nunn's extracontractual claims were groundless and brought in bad faith.  State Farm seeks to recover court costs and attorney's fees under Tex. Ins. Code Ann. § 541.153 (Vernon 2009).[1]  It contends that Nunn's claims are groundless and brought in bad faith because Nunn was aware of and failed to disclose Lumsden's identity, relationship with the Nunn family, and alleged knowledge of this matter.

In late July 2010, Lumsden met with Fire Marshal Timothy Oates ("Marshal Oates") of the City of Coppell Fire Department to discuss the destroyed Range Rover.  State Farm alleges that Lumsden made statements to Marshal Oates indicating that he saw Kristina drive and attempt to ignite the Range Rover on the date of the incident.  State Farm also alleges that until Lumsden met with Marshal Oates, Nunn concealed Lumsden's relationship with his family, Lumsden's criminal history, records of Kristina's interactions with Lumsden, and Lumsden's financial contributions to Kristina's legal costs and the cost of her new vehicle.  Finally, State Farm posits that the court's decisions dismissing Nunn's extracontractual claims support its argument that these claims were frivolous.  State Farm

---

[1]Tex. Ins. Code § 541.153:

> A court shall award to the defendant court costs and reasonable and necessary attorney's fees if the court finds that an action under this subchapter is groundless and brought in bad faith or brought for the purpose of harassment.

maintains that Nunn's claims were made in bad faith because he was aware of but did not disclose these facts relevant to the investigation and to his claim. State Farm also contends that Nunn will suffer no prejudice if the court grants leave to amend because the counterclaim will require no additional discovery and will not delay the trial.

Nunn opposes the motion. He maintains that the information State Farm learned about Lumsden in July 2010 does not change State Farm's theory of the case. According to Nunn, the arguments State Farm makes in support of its counterclaim have been available for more than two years: specifically, the contention that, when Nunn asserted extracontractual claims against State Farm, he knew the Range Rover had been destroyed by arson and that Kristina was involved. Nunn maintains that he had no obligation to disclose information about Lumsden to State Farm. Moreover, he posits that, much earlier in its investigation, State Farm could have discovered the information about Lumsden on which it now relies. Nunn avers that he urged Lumsden to be forthcoming with both the police department and State Farm in the early stages of the investigation; that Lumsden's criminal history and involvement with the Nunn family are irrelevant to Nunn's extracontractual claims; that his sustained objections to the discovery of Kristina's cell phone records did not improperly conceal Lumsden's relationship with Kristina and are not relevant to his extracontractual claims; and

that the court's decisions granting State Farm summary judgment on his extracontractual claims do not justify asserting a counterclaim for bad faith and harassment, and, even if the summary judgment rulings supported the proposed counterclaim, State Farm could have pleaded it when the court dismissed Nunn's extracontractual claims in June and November 2010.

II

When, as here, the deadline for seeking leave to amend pleadings has expired, a court considering a motion to amend must first determine under the good cause standard of Fed. R. Civ. P. 16(b)(4) whether to modify the scheduling order.[2] *See S & W Enters., L.L.C. v. South Trust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003); *Valcho v. Dallas Cnty. Hosp. Dist.*, 658 F.Supp.2d 802, 814 (N.D. Tex. 2009) (Fitzwater, C.J.). To meet this standard, the moving party must show that, despite its diligence, it could not reasonably have met the scheduling order deadline. *See S & W Enters.*, 315 F.3d at 535. Only if the movant first satisfies the requirements of Rule 16(b)(4) must the court next determine whether to grant leave to amend under the more liberal standard of Rule 15(a)(2).[3] *See S & W Enters.*, 315 F.3d at 536; *Valcho*, 658 F.Supp.2d at 814.

---

[2]Rule 16(b)(4) provides: "A schedule may be modified only for good cause and with the judge's consent."

[3]Rule 15(a)(2) provides: "The court should freely give leave when justice so requires."

The court assesses four factors when deciding whether an untimely motion for leave to amend establishes good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S & W Enters.*, 315 F.3d at 536 (internal quotation marks and bracket omitted). The court considers the four factors holistically, and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.). "The 'good cause' standard focuses on the diligence of the party seeking to modify the scheduling order." *Cut-Heal Animal Care Prods., Inc. v. Agri-Sales Assocs., Inc.*, 2009 WL 305994, at *1 (N.D. Tex. Feb. 9, 2009) (Fitzwater, C.J.). Mere inadvertence on the part of the movant is insufficient to constitute good cause. Instead, the movant must show that, despite its diligence, it could not have reasonably met the scheduling deadline. *See Am. Tourmaline Fields v. Int'l Paper Co.*, 1998 WL 874825, at *1 (N.D. Tex. Dec. 7, 1998) (Fitzwater, J.).

III

A

The court first considers State Farm's explanation for delaying its motion to amend. State Farm's rationale fails to show

that it could not reasonably have met the scheduling order despite its due diligence.

State Farm argues that Nunn made his extracontractual claims in bad faith because he did not disclose that (1) Kristina was involved at the time of the incident with Lumsden, who had a criminal record; (2) Kristina's telephone records reveal contact with Lumsden on the date of the incident; (3) Kristina asked Lumsden to retain an attorney and paid a retainer fee to an attorney on her behalf; and (4) Lumsden gave Kristina money for a down payment on a new vehicle to replace the Range Rover. State Farm has not shown that Nunn was obliged to disclose any of this information in discovery. Nor has State Farm shown that it could not have discovered this information by exercising due diligence through its own investigation.

Moreover, State Farm's late discovery of evidence relating to Lumsden does not explain the timing of its request to amend. State Farm essentially argues that Nunn must have brought his extracontractual claims in bad faith because Nunn knew then that Kristina was somehow involved in damaging the Range Rover through arson. But State Farm denied Nunn's claim on January 16, 2009, suspecting that either Nunn or Kristina fraudulently staged the theft and fire. *See Nunn v. State Farm Mut. Ins. Co.*, 2010 WL 2076599, at *1 (N.D. Tex. May 24, 2010) (Fitzwater, C.J.). According to this theory, Nunn's extracontractual claims for delay

and misrepresentation would have been made in bad faith even had State Farm never learned of Lumsden. State Farm does not argue that it was unaware of the theory that either Nunn or Kristina destroyed the Range Rover. Indeed, it appears from the record that, even before learning about Lumsden, State Farm denied Nunn's claim because it believed either that he was responsible for the fire or that he knew of or suspected that Kristina was culpable. Nunn's extracontractual claims would have been brought in bad faith according to either of these grounds for denying his claim. As of the February 1, 2009 deadline for seeking leave to amend pleadings, if not earlier, State Farm could have asserted a counterclaim based on either of these theories.

B

The court concludes under the second factor that State Farm's amendment is somewhat important. This is because, if allowed, it would enable State Farm to seek recovery under § 541.153 for court costs and reasonable and necessary attorney's fees for an action found to be groundless and brought in bad faith. But the proposed counterclaim lacks importance in the sense that, even without it, State Farm's answer enables it to fully defend itself against the claims that remain for trial.

C

The remaining two factors concern prejudice, and the court will consider them together. *See, e.g., Mid-Continent Cas. Co. v.*

*Eland Energy, Inc.*, 2009 WL 3074618, at *37 (N.D. Tex. Mar. 30, 2009) (Fitzwater, C.J.). State Farm's argument that its counterclaim will not prejudice Nunn because it does not require additional discovery does not demonstrate good cause for amending its answer. "The absence of prejudice to the nonmovant is relevant to Rule 15(a), but it does not fulfill the 'good cause' requirement of Rule 16(b)." *Am. Tourmaline*, 1998 WL 874825, at *1.

D

Accordingly, considering the four factors together, the court holds that State Farm has failed to demonstrate good cause to amend the scheduling order.

\* \* \*

State Farm's December 3, 2010 motion for leave to file second amended answer pursuant to Rule 16(b) to include counterclaim is denied.

**SO ORDERED.**

January 26, 2011.

                                                         _____
SIDNEY A. FITZWATER
CHIEF JUDGE